## Commonwealth v. Delancy

Before Shughart, P. J., and Weidner, J.

*John Fowler, 3rd,* for Commonwealth.

*William Mark,* for defendant.

WEIDNER, J., January 22, 1968.—Defendant, Gary Delancy, was tried before a jury on May 10 and 11, 1967, on a charge of public indecency to the above number and term and found guilty.

At the beginning of the May term of court, printed trial lists were distributed, listing the cases to be tried during the term and including the instant charge to May sessions, 1967, no. 126, and also another charge against defendant for two counts of indecent assault to May sessions, 1967, no. 125, and all other cases to be tried at the May term of court.

After the charge of the court, the jury retired to deliberate, and during their deliberation sent out a message in a sealed envelope to the trial judge. The district attorney and defense counsel were called to the trial judge's chambers, where, by agreement of counsel, the sealed envelope was opened. Inside was a note from the jury with this question:

"Did the other case of Commonwealth v. Gary Delancy, in which there were two counts of indecent assault, occur before or after the present charge of public indecency?"

The trial judge, with the consent of the district attorney and defense counsel, sent a written answer back to the jury as follows:

"I do not know when the other charge occurred. The other charge has nothing to do with your deliberation and should not be considered in any manner in arriving at your verdict".

No motion for the withdrawal of a juror was made by defense counsel. The jury continued its deliberation and returned a verdict of guilty.

Defendant's present motions are based on the jury's knowledge of the other pending charges against defendant, from the printed trial list, as evidenced by their question of the court during deliberation.

It is obvious that the jury was aware of, and discussed, the other charges of indecent assault against defendant.

However, neither a new trial nor a motion in arrest of judgment may be granted.

One reason for refusal of defendant's motions is that the jury was fully and adequately instructed to disregard the information. In the general charge to the jury, the court instructed the jury:

"In reaching your conclusion you should be guided solely by the testimony presented to you, the inferences you may draw from that testimony and the instructions of the court as to the law. You should not be influenced by fear or favor, prejudice or sympathy".

Further, the court, in responding to the question from the jury, specifically instructed the jury:

"The other charge has nothing to do with your deliberation and should not be considered in any manner in arriving at your verdict".

This is comparable to a situation where, during the course of the trial, inadmissible testimony is given and it is ordered stricken from the record and the jury instructed to disregard it. Such is not usually the basis

for a new trial or arrest of judgment. A jury is presumed to have obeyed the specific instructions to disregard such testimony: Commonwealth v. Gibbs, 167 Pa. Superior Ct. 79 (1950).

Further, it must be taken for granted that the jury obeys the instructions of the court and, therefore, the admission of what was legally inadmissible evidence is harmless error: Commonwealth v. Novak, 165 Pa. Superior Ct. 576 (1949).

Also, when the jury sent their sealed envelope to the trial judge, the trial judge consulted with counsel for defendant and the district attorney, and it was agreed that the envelope be opened in chambers. It was then opened, and it was further agreed by defense counsel and the district attorney that the trial judge should answer the jury by a written message, the wording of which was approved by both the district attorney and defense counsel and sent back to the jury. No motion for withdrawal of a juror was made and the jury continued their deliberation and arrived at a verdict. The verdict was then returned in open court in the presence of counsel for defendant and the district attorney and the verdict recorded. Not only did defense counsel participate in the proceedings, but at no time was objection made to the proceedings up to the point of recording the verdict and at no time was a motion for the withdrawal of a juror suggested or made.

It is improper for a trial judge "of his own motion" to withdraw a juror because of some prejudice *to defendant*, who is entitled to be tried by the jury which he had helped to select. If the jury is to be discharged, it ought only to be on defendant's motion, if the prejudice is against defendant. The only proper practice is for the court to ask counsel for the defendant if the withdrawal of a juror is desired. If defense counsel

answers "no", that should be the end of it: Commonwealth v. Mehlman, 163 Pa. Superior Ct. 534 (1949).

Defendant may not sit idly by, let alone join in the efforts to correct the situation, and take his chances on a verdict, then when the verdict is adverse, ask for a new trial: Commonwealth v. Walker, 178 Pa. Superior Ct. 522 (1955).

Defendant's remedy, if he felt there was error or prejudice, was to move for the withdrawal of a juror. Instead, defendant chose to proceed with the jury he selected, after joining in what he thought was a fair and adequate solution of the problem, until the verdict was returned.

In Commonwealth v. Clay, 56 Pa. Superior Ct. 427, 463 (1914), defendant was convicted on a charge of conspiracy to cheat and defraud. During the course of the trial, the jury had in their possession newspapers which contained the accounts of, and comments on, the proceedings which the defense claimed were prejudicial. The court said:

" 'If the defendant supposed that he could not have a fair trial, he ought to have laid the matter immediately before the court, and requested that the jury might be discharged. He ought not to have taken the chances of a verdict in his favor and kept his motion for a new trial in reserve' ".

In Commonwealth v. Mehlman, supra, defendant was convicted of perjury in Allegheny County. The testimony closed in the afternoon and the next morning before the charge of the court, counsel for defendant advised the court that an article had appeared in that morning's Pittsburgh paper with the headline in big letters: "ALL IN GOOD FAITH, SAYS RACKETEER (meaning the defendant Mehlman)". The first paragraph of the same article stated:

"Max Mehlman, McKeesport numbers baron, insisted Tuesday he acted in good faith when he 'went

bond' illegally for his friend, Owen M. Halleron, convicted blackmailer". (Halleron had been convicted the preceding week).

On request of counsel, the jurors were questioned as to having seen the article and one juror so indicated and another said he just read the names. The court held that defense counsel did not want a juror withdrawn or he would have made such a motion. Further, counsel cannot stand by with full knowledge and take a chance on the verdict, and after an adverse verdict demand a new trial.

In United States v. Handy, 130 F. Supp. 270, defendant, after conviction, complained that *the jury had heard testimony as to offenses committed by the defendant other than that named in the indictment.* The court held that this was not ground for a new trial. The court said:

"Assuming arguendo there was some evidence of . . . prejudice before or at trial, the law of Pennsylvania affords a number of methods of raising the question and spelling it out on the record and in the event of an adverse decision reserving it for review on appeal to the Supreme Court of Pennsylvania. . . . At trial, by motion for withdrawal of a juror, Commonwealth v. Mehlman, 163 Pa. Superior Ct. 534".

It is clear, therefore, that, defendant not having objected to proceeding with the case and not having made a motion for withdrawal of a juror, he has elected to proceed and waive any objection.

For these reasons the motions for a new trial and in arrest of judgment must be overruled and denied.

## ORDER

And now, January 22, 1968, at 8:30 a.m., defendant's motions for new trial and in arrest of judgment are overruled and dismissed.